NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—May, 1883.

## ST. JOHN v. McKEE.

*In the matter of the judicial settlement of the account
of* THOMAS J. McKEE, *and others, executors of
the will of* LOUISIANA ST. JOHN, *deceased.*

The authority of a Surrogate to sanction credits, claimed in his account
by an executor, etc., for sums paid as counsel fees, is derived from
2 R. S., 93, § 58, as amended by L. 1863, ch. 362, which section pro-
vides that "in all cases, such allowance shall be made for their
actual and necessary expenses as shall appear just and reasonable."

An executor does not become entitled to reimbursement for sums ex-
pended for legal services, by merely showing the fact of payment,
nor even, in addition, that he has acted honestly and in good faith.
Upon objection made, he must prove the necessity and value of such
services.

There is no rigid rule prescribing a presumption of the correctness of an
accounting executor's charges for counsel fees, and throwing upon
objecting parties the *onus* of impeaching their accuracy and propriety.
No legal technicalities can compel the Surrogate to adjudge "just
and reasonable" what he knows to be otherwise.

Three executors, upon their accounting, credited themselves with $1,675
and $5,000, expended by one of them for legal services rendered in
the administration of the estate.   The services to which the former
sum related were described in the account and vouchers, with a
degree of detail.   As to the latter, the bill described the services, for
which the charge was made, in broad and sweeping terms; its lack
of particularity was not supplied by the testimony; neither the execu-
tor nor his counsel, on their examination, exhibited any accurate
notion of the nature and extent of the services; and two of objectors'
witnesses estimated their value at about $2,500.   The principal found-

ation for this charge was conferences had between the expending executor, who was himself a lawyer, and his counsel, covering a period of nineteen months, the frequency, dates, duration, etc., of which were not disclosed. It not appearing likely that further inquiry would elicit additional facts, it was, upon all the evidence,—

*Held*, that the charge secondly above mentioned should be allowed, subject to a deduction of $3,750.

HEARING of exceptions taken by Louis M. St. John, and others, residuary legatees under decedent's will, to report of referee upon judicial settlement of account of the executors thereof. The facts appear sufficiently in the opinion.

F. G. McDONALD, *for executors.*

HENRY PARSONS, *for exceptants.*

THE SURROGATE.—A decree may be entered conforming to the findings of the referee, except as hereinafter indicated.

The three accounting executors credit themselves with $6,675, expended by one of their number in payment for legal services which are claimed to have been rendered in the administration of this estate. This amount, as it appears in the account, is made up of two items—one of $775, and the other of $5,900. The larger item is vouched by a bill which describes, with some detail, certain legal services for which, in the aggregate, there is charged the sum of $900, but which states only in the most general terms the services to which the payment of the remaining $5,000 relates.

The contestants unsuccessfully urged before the referee that this charge for counsel fees should be in part disallowed. They now renew their contention before the Surrogate. The authority of that officer to sanc-

tion credits, claimed by an accounting executor or administrator for sums expended as counsel fees, is derived from chapter 362 of the Laws of 1863. The eighth section of that act provides that there may be paid from the funds of an estate, for defraying the expenses of its administration, "such sums as are just and reasonable." There can be little doubt, I take it, that the justice and reasonableness of a claim, such as is here brought in question, must be established to the satisfaction of the Surrogate, before such claim can properly receive his approval. Of course, the bare fact that an executor has actually expended for legal services the sum for which he asks to be reimbursed does not, of itself, entitle him to reimbursement. Nor, indeed, does he become entitled simply by showing, in addition, that he has acted honestly, and in good faith. If objection is interposed, it must also be made to appear that, when the services were rendered, they were demanded, or seemed to be demanded, by the best interests of the estate, and merited the compensation by which they were rewarded.

Now, in the present case, the account shows that, in addition to the $5,000, considerable sums of money were paid to the executor's counsel, for certain legal services connected with the administration of this estate, and covering the same period, substantially, as that wherein the $5,000 is claimed to have been earned. It has already been stated that the sums thus expended aggregate $1,675. The services to which they relate are described in the account and vouchers, and the executor's claim to be credited in the full amount is not disputed by the contestants. Each of five of the items,

which together make up this $1,675, is for $100 as "retainer and counsel fee" in certain specified cases. There is an item also of $150 for a similar charge, and another of $250 for "retainer in a suit for the construction of certain provisions of the will." The nature of the service specified by the remaining items is stated with equal definiteness and precision. Now, if any other legal assistance was rendered, which was so definite and tangible in its character that it could be similarly set forth, it is hard to resist the conclusion that it would have been specified in like detail. But, in point of fact, there is no such specification. The bill for $5,000 presented to the executor, and now appearing as a voucher, describes in very broad and sweeping terms the services for which the charge is made, and its lack of particularity has not been supplied by the testimony before the referee. Neither the executor nor his counsel, both of whom were examined at the reference, seemed to have any accurate notion of the nature and extent of such services.

For all that appears in the evidence, the executor, who is himself a lawyer, and who is experienced, as his testimony shows, in the management of estates, might well have conducted this administration with little legal assistance, in respect to matters not specified in the bills for $900 and for $775.

Two witnesses were examined in behalf of the contestants, touching the value of the services in dispute. One of them said that, in his judgment, $2,000 to $2,500 would be sufficient compensation. The other gave similar testimony, qualified, however, by his declaration that a lawyer was the best judge of the value of his

own work, and that it was difficult for anybody else than himself to measure it with accuracy.

In holding that the executors should be allowed in full the sum which they claim, the referee lays great stress upon certain facts which he justly regards as having an important bearing upon the controversy, but which have not, to my mind, the decisive significance he seems to attribute to them. It does not follow that, because the executor and his counsel have acted in good faith, and are themselves honestly agreed in the opinion that $5,000, in addition to the sums charged in the itemized bills, is but fair compensation for the services in dispute, their conclusions as to the reasonableness of this charge must be adopted, in the absence of opposing evidence. On the contrary, there should be affirmative proof, and better proof than is here furnished, of the facts upon which those conclusions are based.

It is urged, in behalf of the executors, that the burden of proof is upon the contestants, to impeach the accuracy of this account, and that—so far as concerns, for example, the items now under consideration —it must be presumed to be correct, unless satisfactory evidence has established the contrary. This contention seems to me to be erroneous. Where an executor credits himself in his account with a sum paid by him as counsel fees, and files the proper voucher therefor, it is perhaps true that, in the utter absence of evidence supporting an objection to the item, the *propriety* of the payment, as well as the *fact* of payment, must be taken for granted by the Surrogate. And, yet, it may well be doubted. It would be very easy to state a case, in which the gross injustice of a charge for legal services

would be apparent upon the very face of the account. Surely, under such circumstances, no legal technicalities as to presumption or burden of proof could compel the Surrogate to adjudicate as "just and reasonable" what he knew to be unreasonable and unjust.

After all, however, it matters little, in the present case, in whose favor the presumption lies, or whether it lies in favor of either. It is by consideration of all the evidence bearing upon this issue that the court must determine whether sufficient service has been rendered to make the claim of $5,000 "just and reasonable," within the meaning of the statute. The principal foundation for this charge, according to the testimony of the executor and that of his counsel, is the fact that the two held repeated conferences, in reference to the affairs of the estate, during the period of nineteen months. These conferences are claimed to have taken place nearly every week, and sometimes several times a week. Neither party thereto kept any account or memoranda in relation to the dates of their occurrence, or is able to testify, with any approach to exactness, how frequently they took place. Their duration is not disclosed, nor does it appear how many of them related to matters not covered by the itemized bills, nor what ratio the number of such conferences bore to the entire number. Indeed, the testimony in this regard is so very indefinite and vague that I should send the case to the referee for further inquiry, if it seemed likely that any additional facts would thus be elicited. As it is, I am compelled to reach a conclusion from such light as the evidence now affords, and that conclusion is that, in addition to the $900 and the $775, the executors may

credit themselves with $1,250 as a just and reasonable compensation for such legal services as are included in the voucher for $5,900.

Ordered accordingly.