Under Code Civ. Proc. § 2730, as amended by Act 1893, providing that executors may be reimbursed for such "actual necessary expenses" incurred by them as "appears just and reasonable," an executor, though acting in good faith and on the advice of counsel, will not be reimbursed for the expenses of an appeal from a judgment on report of a referee, who, on the testimony of six witnesses, found that the bill for testator's funeral expenses, for which the executor was sued, was reasonable and 'in accordance with the rank and circumstances of testator, and who also found as a conclusion of law (about which there could be no question) that the executor was primarily liable for the funeral expenses ordered by one whom the executor had impliedly authorized to act for him.

Judicial settlement of the accounts of Israel Huntley, as executor of Roxana Duell, deceased.

McClellan & Albertson (William J. Roche, of counsel), for executor. John E. Hoag, for Sarah E. Vallee, creditor. John T. Norton, for George H. Palmer, creditor.

LANSING, S.    The executor filed his account, duly verified.    The creditors filed objections to certain items of credit for costs and disbursements alleged to have been paid by the executor in litigating the bill of the undertaker for the funeral expenses of the deceased.

The creditors insist that such payments were unjustifiable, that the expenditure of nearly one-half of the small estate of about $800 in fruitless litigation over the undertaker's bill was unwarranted in law, and amounted to a breach of duty on the part of the executor, and that credit should not be allowed him therefor.    On the other hand, the executor contends that he acted in entire good faith and under the advice of counsel in conducting the litigation and making the expenditures, and that he should be credited with the amount so paid by him.

The question presents some embarrassing features.    The office of an executor or administrator is a position of responsibility, and its duties are often delicate and exacting.    Such positions are rarely sought, especially where the estates are small, and in such cases the compensation is usually very inadequate for the responsibility assumed and labor performed.    The law is, therefore, indulgent where it appears that the trustee has been prompted by proper motives and has exercised reasonable judgment.    On the other hand, the law condemns every act savoring of dishonesty or negligence in the administration of the trust whereby loss is suffered.    But honesty, good intentions, and even advice of counsel, are not always sufficient, where loss has occurred to the estate through mismanagement.    The law in addition requires that persons who accept such positions must, in the performance of their duties, be held to exercise a reasonable measure of intelligence, and such ordinary discretion and judgment as men usually exercise in the management of their own affairs.    The expenditures in question, if allowed, must be allowed under section 2730 of the Code of Civil Procedure, as amended in 1893, which provides that executors and administrators may be reimbursed out of their estates for such "actual necessary expenses" incurred by them as "appears just and reasonable."    This provision, though recently embodied in the Code, has long been a well-settled rule in equity.    Young v. Brush, 28 N. Y. 667, 673.    It also existed in a statutory form for many years prior to its re-enactment in the Code.    2 Rev. St. 93, § 58, as amended by Laws 1863, c. 362.    The application of this provision to expenditures by executors and trustees for legal services is, I think, well stated in the case of St. John v. McKee, 2 Dem. Sur. 236.    Rollins, S., says:

"The bare fact that an executor has actually expended for legal services the sum for which he asks to be reimbursed does not, of itself, entitle him to reimbursement, nor, indeed, does he become entitled simply by showing, in addition, that he has acted honestly and in good faith. If objection is interposed it must also be made to appear that when the services were rendered they were demanded or seemed to be demanded by the best interests of the estate."

The case of O'Connor v. Gifford, 117 N. Y. 278, 22 N. E. 1036, cited by the counsel for the executor in support of his contention, is a case where an executor was sought to be charged on account of his failure to collect alleged collectible assets of his estate.    It must be conceded that the rule of duty and diligence imposed upon an executor or administrator is the same whether a claim is prosecuted or defended, and that the rule laid down in that case should apply here.

But I am sure the rule laid down in that case is not in conflict with the rule above stated. Peckham, J., in the case cited, states the rule as follows: "An executor who has acted in good faith, and intended fairly and fully to discharge his duty, will not be charged in this manner (as for devastavit for a failure to collect the money), if such intention has been directed by reasonable judgment;" and he quotes with approval the case of Schultz v. Pulver, 11 Wend. 363, a case where an executor was charged with misconduct in neglecting to take legal proceedings for the recovery of property, and the court by Nelson, J., say that "the executor must act in good faith and with reasonable judgment," to be exonerated from the charge. The result, upon reason and the authority, seems to be that those "actual and necessary expenses" for which an executor must be reimbursed are those which are contracted in good faith and with reasonable judgment, whether with or without the advice of counsel. It is well settled that the reasonable and necessary expenses of the burial of a decedent are a charge against his estate, although the executor is primarily liable as an individual, and not in his representative character. He must decide upon the amount to be expended, and pay it, and such sum will, if proper in amount, be allowed him on the final settlement of his accounts. Ferrin v. Myrick, 41 N. Y. 315; Patterson v. Patterson, 59 N. Y. 574.

This brings us to the real question in this case, which is, did the executor exercise reasonable judgment and discretion in entering upon the litigation, and incurring an expense of several hundred dollars in contesting the payment of the bill of the undertaker? The facts in the case are these: The undertaker presented a bill to the executor for $127 for funeral expenses. The bill appears to have been contracted by a Mrs. Vallee, who resided in the same house with the deceased, and attended her during her illness, and who was a relative of the decedent's late husband. The executor learned of the order shortly after it was given. He lived about six miles from the deceased, and when he heard of her death, which was telephoned him by Mrs. Vallee, he spoke to an undertaker residing near him in Sandlake to attend to the funeral, but when he learned on his arrival at the house of the deceased that Mrs. Vallee had gone to Troy to engage an undertaker and make arrangements for the funeral he countermanded his own order, and Mrs. Vallee contracted the bill in question. It further appears that Mrs. Vallee stipulated with the undertaker that she should not be personally charged with the bill, but the undertaker should look to the estate, and the executor had knowledge of this arrangement before the suit was brought. The entire estate consisted of $827 in money. The bill was presented to the executor, and payment was refused on the ground—First, that it was excessive; second, that, the services and material of the undertaker having been ordered by Mrs. Vallee, the undertaker must look to her for payment, and when paid the executor would be liable to her for the reasonable funeral expenses of his decedent. Suit was brought, and the case was referred. The referee reported in favor of the plaintiff for the amount of the bill with interest. Judgment was entered thereon for damages $131.69, costs $188.69, amounting

altogether to $320.38. An appeal was then taken by the executor to the general term, where judgment was affirmed, with costs. The entire expenditure by the executor in this litigation in excess of the claim of $127 is about $450, including $100 paid to his own counsel for his costs and services on the trial and on the appeal. Claims of creditors to the amount of about $500 have been admitted or established.

The defense that an action would not lie against the executor in the first instance, but should have been brought against Mrs. Vallee, was obviously untenable, since it appears that the executor impliedly authorized her to act for him by revoking his own order and accepting her services in the employment of the undertaker. Beyond that, it is a well-settled elementary principle that an executor is liable for reasonable funeral expenses of his decedent, whoever may have ordered the same, whether with or without his knowledge or consent. Redf. Law & Pr. Sur. Cts. (5th Ed.) 438; Patterson v. Patterson, supra; Ferrin v. Myrick, supra. This litigation had its origin in an idea which, I think, obtains quite generally among executors and trustees, and perhaps to some extent in the legal profession, that an executor or trustee may safely litigate any fairly controvertible question of law or fact arising in the course of administration, without the liability of having his action called in question, provided he acts in good faith and under the advice of counsel. I am satisfied this is not the law. It would be establishing a very dangerous precedent to hold that an executor could, on the plea of acting in good faith and under advice of counsel, fritter away an estate in litigations over claims of trifling amounts. A reasonable test in such case is, would the executor or trustee, in the management of his own affairs, under like curcumstances, have incurred the expense in question? If not, then he certainly should not be credited with it in his account as executor or trustee. Besides, in cases of doubt, it is the right, if not the duty, of the executor or trustee to seek instruction from the court as to his duty in the premises. Code Civ. Proc. § 2472, sudb. 3; In re Underhill, 117 N. Y. 471, 22 N. E. 1120. I am free to concede that the rule must not be drawn with too much strictness, but, making the most ample allowance for honest intent and reliance on advice of able and experienced counsel, and the additional fact that the executor acted in the premises under the belief that he was proceeding within the lines of his powers and duty, yet it seems to me that when the matter was submitted to a referee of experience and ability, and half a dozen witnesses testified to the value of the services rendered and the material furnished, and the referee found that the amount charged and expended was reasonable and in accordance with the rank and circumstances of the deceased, and also found as a conclusion of law (about which there could be no question) that the executor was primarily liable for the funeral expenses ordered, then, at least, this litigation should have ended, and I cannot conceive of any reasonable excuse for the expenditure of a large additional sum from the money of this estate in printing the case and taking an appeal to the general term of the supreme court. The line must be drawn somewhere, and per-

haps for safe precedent it should exclude the expenditures of this entire litigation, and hereafter, in a like case, with the law touching the duties of an executor or trustee in the premises clearly defined, the line will be so drawn. But, in view of the hardship involved, the good faith of the executor, and the high character, learning, and ability of counsel, I have, under all the circumstances, decided after considerable hesitation to allow the expense of the litigation in the supreme court. There was perhaps a slight question of fact as to whether the expense incurred was in accordance with the rank and circumstances of the deceased, also whether the undertaker had not charged in his bill for the casket more than the agreed price. When these questions were settled by a preponderance of evidence upon the reference, there was not the slightest ground remaining for further litigation, and I must, therefore, strike from the executor's account all expenditures in excess of the damages, costs, and disbursements included in the judgment entered upon the reference in the supreme court, and the disbursements of the executor for the services of his attorney in attending upon the reference.

Decreed accordingly.