REILLY v. PORCHER et al.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

**1. SURROGATE'S DECREE.**
Since an executor had a remedy at law by appeal from a surrogate's order disallowing the claim of an attorney for services claimed to have been rendered the estate, a suit in equity to enjoin the enforcement of the surrogate's decree ordering distribution of money retained by such attorney for such services would not lie.

**2. SAME—EXECUTORS AND ADMINISTRATORS.**
Plaintiff alleged that the distributees of an estate of which he was executor, in consideration of his defending an action pending against the estate, agreed to indemnify him for loss, and that an attorney to whom he had given charge of the moneys retained a part thereof, which he believed was retained for services rendered the estate, and which he had been ordered to pay over to the distributees. *Held*, that the agreement did not save the executor from misapplication of the funds, and it was immaterial that they were retained by the plaintiff's attorney, since plaintiff had not shown that the retention was on account of services rendered the estate.

Appeal from special term, Queens county.

Bill by John Reilly, as executor of Jacob Michel, deceased, and in his own right, against Emma Porcher, impleaded with others. From a judgment sustaining a demurrer to the bill, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Joseph K. Murray, for appellant.
C. W. Laskey, for respondents.

HATCH, J. The present action has the merit of novelty, if it has no other. It seeks to invoke the aid of the equitable powers of this court to compel an attorney to pay over moneys which he has received for the executors of an estate, and to perpetually enjoin the enforcement of a decree of the surrogate's court of the county of Queens, which directs the payment over of the moneys of the estate, with which the executors are properly chargeable, to the persons entitled thereto. It further asks for the construction

of a certain agreement of indemnity executed by those entitled to distributive shares in the estate, and for an accounting between all the parties in interest, and a determination of the respective rights and liabilities of all. The facts averred in the complaint, out of which it is claimed the right to equitable relief arises, are, in brief, these: That the plaintiff and the defendant Charles Michel were appointed executors of the will of Jacob Michel, deceased, which will in July, 1875, was duly proved and admitted to probate by the surrogate of the county of Queens; that the estate of the testator consisted almost entirely of a certain piece of real property, which was sold by the executors, under a power contained in the will, for the sum of $7,000; that this sum was paid to Andrew J. Provost, an attorney for the executors, and that he retains in his hands out of such fund $1,899.50, which upon demand he refuses to pay over; that thereafter an accounting was had by the executors in the surrogate's court of the county of Queens, and that said sum so retained by said attorney, which was charged in the account as an item of expense properly incurred by the executors, was disallowed by the surrogate, and the executors were charged therewith; that the accounts of the executors were settled, and a decree entered directing distribution to the persons in interest; that the executors did not have sufficient moneys of the estate in their hands to comply with the decree, but that they offered to pay over all of the moneys received by them, less the sum retained by the attorney; that, compliance not being made with said decree according to its terms, an order was obtained by the defendant Porcher, one of the distributees named in the decree, for the executors to show cause why they should not comply with such decree, or be punished for contempt. This application resulted in an order of the surrogate directing that compliance be made with such decree within 30 days, and in default thereof that the executors be adjudged guilty of contempt, and precept issue, committing them to the county jail until they should make such payment. The complaint further avers that prior to the 19th day of February, 1891, the defendant Porcher, Charles Michel, Edward Michel, and Margaret Michel, children of the testator, executed an agreement of indemnity to the plaintiff, which recited that Mary Connors, the widow of the testator, had brought an action in the supreme court against said executors and against the persons named individually, which action the plaintiff was requested to defend, and that in consideration of his defending such action the said parties jointly and severally undertook and agreed to indemnify and save harmless the plaintiff of and from all actions and proceedings now pending or thereafter to be brought by such persons, or either of them, or by any other person or persons, against the said executors, concerning the property of the testator, or concerning the actions and doings of the executor, and that upon demand said parties jointly and severally undertook to pay unto the plaintiff or his legal representatives any and all sums of money he might be required to pay by reason of any and all such actions and proceedings, and in the defense thereof. Upon information and belief, the complaint averred that the retention by the said attorney of the

moneys which came to his hands relates to services rendered pursuant to such agreement.

These are the material allegations of the complaint, and it is evident to our minds that it fails to state facts constituting a cause of action. If the services performed by the attorney, Provost, were rendered in and about the estate of the testator, then the reasonable amount and value of such service constituted the same a proper charge against the estate. St. John v. McKee, 2 Dem. Sur. 236; 2 Williams, Ex'rs, 194, 195. If, upon the accounting before the surrogate, it had appeared that the service had been rendered in connection with the estate, the decree should have made allowance to the executors for the same; and, if the surrogate improperly refused to allow the item, then the remedy afforded to the plaintiff was by appeal from such decree. This court would not lend the aid of its equitable powers, even though it possessed the right, by countenancing an action where the remedy afforded by appeal is ample and complete. There is therefore nothing stated in the complaint, independent of the agreement, which affords any basis whatever for the maintenance of this action. Nor is the plaintiff aided by the terms of such agreement. The complaint is that the money was the proceeds of the sale of real estate. The executors were bound to receive such sum; and, if they permitted the attorney to receive it, they became chargeable with, and liable for, his acts, and they cannot be heard to shelter themselves behind the attorney's dereliction. The agreement itself does not assume to hold harmless either executor for an act of malfeasance upon his part, and they having no defense, and not being protected by the terms of the agreement for any act of misappropriation of the funds of the estate which they might personally make, so they may not invoke for their protection the act of an attorney selected by them in misappropriating the funds for which they must account to the estate. The complaint is destitute of any averment showing that the services contemplated in the agreement were services in any wise rendered in connection with the real estate for whose proceeds they have been required to account. Nor is it averred that the defense of any action was undertaken by the plaintiff or his co-executor on account of such agreement, or that they incurred any expenses in connection therewith, or that the attorney, Provost, was employed by them, or rendered any service for which the agreement would furnish an indemnity. All that is said in the complaint upon that subject is that the plaintiff is informed and believes that the agreement "relates to said claim for services" by the attorney. It is therefore evident that the most liberal construction of the complaint does not show that the plaintiff is entitled to any exemption from compliance with the decree of the surrogate by reason of the execution of this agreement, and therefore in no view is any cause of action stated in this complaint.

The plaintiff is not without a remedy, if he has been wronged. If the attorney improperly retains moneys in his hands which he should pay over to the executor, he can be compelled summarily, by order of the court, upon making proof of the fact, to pay them over, or

an action will lie to recover the same. If the services were rendered, and the sum retained by the attorney is a proper charge, and the same was incurred pursuant to the agreement, then the plaintiff has his remedy by action against the parties executing such agreement. But the attempt to maintain this action, in view of the averments of the complaint, is without precedent, and cannot be sustained. It follows that the interlocutory judgment should be affirmed.

Interlocutory judgment affirmed, with costs, with leave to plaintiff to serve amended complaint within 20 days on payment of the costs of the demurrer and of this appeal. All concur.