(109 App. Div. 24.)

### HOFFMAN v. UNION DIME SAVINGS INSTITUTION.

(Supreme Court, Appellate Division, First Department. November 17, 1905.)

1. PRINCIPAL AND AGENT—POWER OF ATTORNEY—DEATH OF PRINCIPAL—TERMINATION OF AUTHORITY OF ATTORNEY.

Where a power of attorney to draw money on deposit was not coupled with an interest, the attorney's authority ceased upon the death of his principal, and a payment thereafter made to him did not bind the estate of his principal, though the depositary was not aware of the death at the time of making the payment.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 67, 68, 71.]

2. SAME—CONSIDERATION FOR POWER OF ATTORNEY.

In order that a power of attorney shall survive the death of the principal, it must be given on consideration, and there must be vested in the donee some estate, right, or interest in its subject-matter.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 67, 68.]

3. TRUSTS—BURIAL AND SAYING OF MASSES—CREATION BY PAROL.

While a trust in a fund on deposit for proper burial and the saying of masses may be created by parol, delivery of the money or its equivalent for that purpose in the lifetime of the creator of the trust is essential.

4. SAME—EVIDENCE AS TO CREATION OF TRUST.

To justify a finding that a trust in a fund on deposit for a proper burial and the saying of masses was created, there must be evidence of such acts done or words used on the part of the alleged creator thereof that the intention to create it arises as a necessary inference therefrom and is unequivocal. There must be either an explicit declaration of trust, or circumstances which show beyond reasonable doubt that such was the intention.

5. SAME—DELIVERY OF BANKBOOK AS PASSING TITLE TO DEPOSIT—INTENT.

While the delivery of a bankbook may pass title to moneys on deposit for the purpose of a proper burial and the saying of masses, in order to do so the book must be delivered with that intent.

6. SAME.

The possession of a bankbook by an attorney in fact appointed by the principal to deposit for her in such banks as he saw fit any moneys belonging to her, and conferring upon him authority to draw, in her behalf and for her use, any such moneys so deposited or already on deposit by her, must be presumed, in the absence of evidence to the contrary, to have been in pursuance of the power of attorney.

Appeal from Trial Term, New York County.

Action by George Hoffman, as administrator of the estate of Julia Huf, deceased, against the Union Dime Savings Institution. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed.

See 88 N. Y. Supp. 686.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

I. Balch Louis, for appellant.

C. N. Bovee, for respondent.

McLAUGHLIN, J. This action was brought to recover a certain sum of money deposited by the plaintiff's intestate with the defendant. After the money sought to be recovered had been deposited, plaintiff's intestate executed to one George Thoma a power of attorney, appointing him her attorney to deposit for her in such banks as he saw fit any moneys belonging to her, and conferring upon him authority to draw, in her behalf and for her use, any such moneys so deposited or already on deposit by her. This power of attorney was delivered to the defendant, and the account thereafter designated as "Julia Huf, George Thoma, Attorney." On the 14th of September, 1900, Julia Huf died intestate, and on the day following her decease Thoma presented the bankbook issued in connection with such deposit, together with a draft signed by him as attorney for her, to the defendant, and it paid to him a portion of the moneys, and upon like presentation and order, within a few days thereafter, it paid him the balance. Thoma did not disclose to the defendant that Julia Huf was dead, and when it made these payments it did not know that fact. Notwithstanding the apparent harshness of the rule, therefore, it must be conceded, under a long line of authorities, that if the power given to Thoma to draw the money was not coupled with an interest, his authority ceased upon the death of his principal, and a payment thereafter made to him did not bind the estate of his principal, although the defendant was not aware of the death at the time of making the payment. Weber v. Bridgman, 113 N. Y. 600, 21 N. E. 985; F. L. & T. Co. v. Wilson, 139 N. Y. 284, 34 N. E. 784, 36 Am. St. Rep. 696; Hoffman v. Union Dime Savings Inst., 95 App. Div. 329, 88 N. Y. Supp. 686. Kelley v. Buffalo Savings Bank, 180 N. Y. 171, 72 N. E. 995, relied upon by the respondent, is not an authority to the contrary. In that case no agency was involved, but rather what was or was not due care in the examination of a signature. The defendant, however, insists that it established up-

on the trial by satisfactory evidence that the power of attorney to Thoma was coupled with such an interest in the fund that it was not revoked by the death of his principal, or, if this be not so, that such a trust was created by Mrs. Huf in his favor, and a right given to him to draw the moneys after her death, or that there was an actual gift by the intestate to him of the deposit, which entitled him to draw it in his own right; and that upon some one or all of these grounds its payment of the deposit to Thoma was justified.

The case was before this court on a former appeal from a judgment in favor of the plaintiff (95 App. Div. 329, 88 N. Y. Supp. 686), and we then held that error had been committed in rejecting the evidence of Thoma as to personal transactions and communications had by him with the plaintiff's intestate, and ordered a new trial for that reason. Upon such new trial, resulting in the judgment for defendant from which the present appeal is taken, Thoma testified to conversations and transactions had with the intestate and alleged agreements made by her which the defendant insists establishd the fact that Thoma had the right to draw the moneys on deposit, and that a verdict of the jury in his favor was justified.

Many errors are alleged to have been committed, harmful to the plaintiff, in the course of the trial, but inasmuch as we are of the opinion that a new trial must be granted because the verdict is against the weight of evidence, and because there was no such clear and satisfactory proof as is required to establish a power, coupled with an interest, or a trust, or a gift of the moneys on deposit, a consideration of them is unnecessary, for they may not occur on a subsequent trial.

It is quite apparent from the evidence that there was no such consideration for the power to draw the moneys as is required to constitute a power coupled with an interest irrevocable and incapable of being revoked by the death of the principal. There was evidently no idea on the part of Mrs. Huf that she was giving the power of attorney to Thoma as security for moneys advanced or services performed by him. She had had trouble with her former agent; she desired another. She had confidence in Thoma, who was the husband of her favorite niece. He performed small services, and, as he says, advanced to her from time to time small sums of money, but neither he nor she apparently believed that, in the execution of the power of attorney and the delivery of the bankbook to him, she intended to pledge the moneys on deposit with the defendant for the payment either of services rendered or moneys advanced. The rule is well settled that, in order that a power of attorney shall survive the death of the principal, it must be given on consideration, and there must be vested in the donee some estate, right, or interest in its subject-matter. Terwilliger v. Ontario C. & S. R. R. Co., 149 N. Y. 86, 43 N. E. 432; Knapp v. Alvord, 10 Paige, 205, 40 Am. Dec. 241.

Nor does the evidence satisfactorily establish the creation of a trust in the fund on deposit for proper burial and the saying of masses. While such a trust might be created by parol, delivery of the money or its equivalent for that purpose in the lifetime of the creator of the trust is an essential element. Gilman v. McArdle, 99 N. Y. 451, 2 N. E. 464, 52 Am. Rep. 41. To justify a finding that a trust of this

character was created, there must be evidence of such acts done or words used on the part of Mrs. Huf that the intention to create it arises as a necessary inference therefrom and is unequivocal. Wadd v. Hazelton, 137 N. Y. 215, 33 N. E. 143, 21 L. R. A. 693, 33 Am. St. Rep. 707. There must be either an explicit declaration of trust, or circumstances which show beyond reasonable doubt that this was her intention. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531. The evidence here falls far short of these requirements. While the delivery of the bankbook might pass title to the moneys on deposit, even for such purpose, the book must have been delivered with that intent. The evidence does not show that the purpose of its delivery was to transfer title to Thoma for the carrying out of any trust, or indeed for any purpose other than to draw from or deposit moneys with the defendant on her account. The testimony of Thoma and his brother shows, if it is to be believed, that there was a desire and expectation on the part of plaintiff's intestate that Thoma and his wife should have the moneys on deposit after her death. Giving to this testimony all that can be claimed from it, it falls far short of establishing, by such clear and satisfactory proof as is required, that Mrs. Huf actually did make a gift of it to Thoma or his wife. Whatever possession Thoma may have had of the bankbook must be presumed, in the absence of evidence to the contrary, to have been in pursuance of his power of attorney. There is no proof that the bankbook was delivered accompanied by words showing an intent to pass present title to the moneys, nor was there proof that it was delivered in such manner as to pass title after the donor's death. Thoma is a highly interested witness, and the testimony given by him upon the trial was contradicted by affidavits which he had voluntarily made, to the effect that he was a mere business agent of the deceased, and had no other interest in the moneys, except that he supposed when he drew the money that he had a right to do so. His brother did not testify that the bankbook was delivered by the intestate when she made her declarations that the money belonged to Thoma, but rather that the book was and remained in her possession. But, even if the technical requisites of a gift had been proved, the evidence is so unsatisfactory, and Thoma's testimony so contradictory and apparently unreliable, that justice requires there should be another trial, and for that reason the motion for a new trial should have been granted.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide event. All concur.