Matter of the Application of GRACE H. WENTWORTH, as Executrix of the Last Will and Testament of JOHN W. WENTWORTH, Deceased, to Compel FRED W. CLIFFORD, as Executor of the Last Will and Testament of HENRY L. ARMSTRONG, Deceased, to Render and File an Account of the Proceedings of HENRY L. ARMSTRONG, as Trustee under the Last Will and Testament of MARY EMMA ARMSTRONG, Deceased.

(Surrogate's Court, Chemung County, July, 1921.)

Trust — testamentary trustee — accounting — when attorneys' fees will not be awarded against a beneficiary.

An application for an accounting instituted by the executrix of the beneficiary of a testamentary trust of a one-fourth interest in the estate of testatrix subject to the life estate of her mother in certain real property was resisted by the testamentary trustee, the husband of the testatrix, on the ground that there was no trust because the same had been terminated by the consent of the beneficiary of the trust. On the hearing it was established that a sister of the testatrix, immediately upon purchasing the entire property from the testamentary trustee for $60,000, had mortgaged it for $40,000 and turned over $30,000 to the testamentary trustee, out of which he paid a $10,000 mortgage and another for $5,000. The will charged the testamentary trustee with a payment of the larger mortgage which had been placed upon the property apparently for his benefit. The purchaser from the trustee kept the balance of the avails of the $40,000 mortgage and the interest of the beneficiary of the trust was left in the property subject to that mortgage. The surrogate held that the transfer of the trust estate, amounting to $13,185.75, was illegal and by a decree charged the testamentary trustee with the income thereof at the rate of four per cent for the time the beneficiary lived after the death of his mother, the life tenant of the whole property. No costs were awarded to the trustee, and the decisions of the Appellate Division and of the Court of Appeals, affirming the decree, were without costs to either party. The

beneficiary having died the accounting proceeding was continued by his executrix and the testamentary trustee having also died the proceeding was continued in the Court of Appeals by his executor. Upon petition of attorneys to fix the amount of their compensation for services and disbursements to the testamentary trustee, *held,* that if the claim was to be allowed at all the expenses of the contest of the illegal transfer of the principal of the trust should be charged against the principal and not against the income; that claimants should prosecute their claim against the purchaser of the trust estate, who as claimed agreed to execute the trust and be responsible therefor.

That if the trustee, though acting in good faith but under a misapprehension as to the law, had been successful in his contention there would have been no trust estate, and what was done by him and by his attorneys for him was in the interest of the trust estate and there was no foundation for the claim for payment out of the income of the trust fund.

The fact that costs were not awarded against the trustee personally was no reason why his costs and disbursements should be awarded against the beneficiary, as sought herein.

Though the trustee, as well as the beneficiary, appealed from the decree of the surrogate, there was nothing to prevent the trustee from complying therewith and accounting to the beneficiary for the sum required, and it not appearing that even a tender thereof was made, it was too late in the present proceeding to raise that question as a reason why the beneficiary should be asked to pay the costs of the trustee in resisting the claim herein.

Decree directed to be entered disallowing the claim for compensation and settling the account of the executor of the testamentary trustee, charging him with $1,875.30 income on the trust estate, with interest, as directed by the decree of the surrogate, subject to the payment of the trustee's commissions, but without costs to either party.

PETITION by attorneys for the court to fix their compensation for services rendered a testamentary trustee.

Martin S. Lynch, for claimants.

B. L. Newman, for petitioner.

Surrogate's Court, Chemung County, July, 1921.    [Vol. 116.

SWARTWOOD, S.  This claim grows out of a proceeding instituted in this court by John W. Wentworth, the beneficiary of an express trust created by the will of Mary Emma Armstrong, deceased.  Henry L. Armstrong was the trustee named in the will.  The trust was of a one-fourth interest, subject to the life estate of the testatrix's mother, in a house and lot in the city of New York.  In that proceeding the trustee resisted the application of said Wentworth for an accounting, claiming that there was no trust, for the reason that it had been terminated by the consent of Wentworth. A hearing was held and the trustee established the fact that he had sold the entire property to a Mrs. Wright for $60,000.  Mrs. Wright was a sister of Wentworth and of the testatrix.  She immediately mortgaged the property for $40,000.  Thirty thousand dollars of this was turned over to the trustee out of which he paid a $10,000 mortgage and a $5,000 mortgage.  The will charged the trustee with the payment of the $10,000 mortgage that had apparently been placed upon the property for his benefit.  The remaining $10,000 of the avails of the mortgage was kept by Mrs. Wright and the interest of the beneficiary of the trust was left in the property subject to the $40,000 mortgage, and the trustee contended before the surrogate, the Appellate Division and the Court of Appeals that Mrs. Wright was the person chargeable with the trust fund and that he was not.

In the accounting proceeding it was held that the transfer of the trust estate by the trustee was illegal. It was found that the trust estate amounted to $13,185.75 and the trustee was charged with the income on that sum at the rate of four per cent per annum for three years, six months and twenty days, the length of time that the beneficiary lived after the death of his mother, the life tenant of the whole property.

Misc.]    Surrogate's Court, Chemung County, July, 1921.

The decision of the surrogate was affirmed by the Appellate Division and by the Court of Appeals. No costs were awarded to the trustee by the surrogate and the decisions of the Appellate Division and Court of Appeals were without costs to either party.

Since the commencement of the proceeding to compel the accounting, the beneficiary of the trust has died and the proceeding has been continued by his executrix. The trustee has also died and the proceeding was continued in the Court of Appeals by his executor.

The claimants here take the position that what was done by the trustee, and by his attorneys for him, was in the interest of the trust estate. The representative of the beneficiary contends that the action of the trustee was not for the benefit of the trust estate. In other words, the contention of the representative of the beneficiary is that if the trustee had been successful in his contention then there would have been no trust estate. I think this contention is true and it is, therefore, difficult to understand on what theory or ground the claimants here can found their claim for payment out of the income of the trust fund.

The claimants rely on the following authorities for their contention: *Matter of Hutchison,* 84 Hun, 563; *Matter of Hoffman,* 136 App. Div. 516; *Matter of Title Guarantee & Trust Co.,* 114 id. 778.

In *Matter of Hutchison* the claim was founded upon payments made for legal services and disbursements by the executor in an action brought for the construction of the will and codicil of the deceased. In *Matter of Hoffman* the executor had brought an action against a banking institution to recover a deposit and the claim was made for disbursements to attorneys, etc., in the prosecution of such action. In *Matter of Title Guarantee & Trust Company* the claim was for disbursements for counsel fees and expenses in defend-

ing a suit brought for the construction of the will of the deceased. In none of these cases did the executor or trustee prosecute litigation against the trust estate or in defense of his own illegal acts in disposing of the entire estate in violation of the terms of the will and to the detriment of the life beneficiary. In all of the cases cited "The rule seems to be thoroughly settled that an executor or administrator is entitled to be credited with the reasonable expenses incurred by him in litigation for the benefit of the estate conducted in good faith and with reasonable care and prudence (citing authorities)." *Matter of Hoffman, supra,* p. 519. Applying this rule, can it be said that the defense by the trustee of his unlawful acts *was for the benefit of the trust estate?* To repeat, the contention of counsel for the beneficiary, the proof that the defense interposed by the trustee to the accounting was not for the benefit of the trust estate lies in the fact that if he had succeeded there would now be no trust estate. Where executors or trustees defend the trust estate, even though they fail in their defense, still if they act in good faith their disbursements for attorneys' fees and expenses should be paid. In other words " The conduct of the executors is to be tested by the rule of good faith and not by mere success." But the trustee here has taken the position of a person who, when he is sued on a personal claim resulting from his wrongful acts and a judgment is recovered against him, that the judgment should be reduced by the amount of expenses he has been put to in defending. This, to my mind, is most untenable.

The accounting proceeding is against the trustee personally, and, while his acts have been held to have been illegal, nevertheless, the contention is made for him in this proceeding that he acted under a misapprehension as to the law, but, nevertheless, in good

faith. That is doubtless the view that the courts have taken of the matter and have, therefore, dealt leniently with him inasmuch as he was required to account for only four per cent income on the trust estate instead of at the legal rate, and also costs were not awarded against him personally so that in fact the trustee has received the benefit that is here contended for for him. And the fact that costs were not awarded against *him* is no reason why his costs and disbursements should be awarded against the beneficiary as it is here sought to do. The rule in this regard was very clearly stated in the opinion in *Matter of McEchron,* 55 App. Div. 147, 150, as follows: "But more than this, in the case before us this court expressly held that the trustee should not have any ' costs ' of this appeal. ' Costs ' include certain sums allowed by the Code to a party for the purpose of reimbursing him for amounts paid to his attorney, and also certain disbursements specified in section 3256 of the Code, and a judgment to the effect that trustees shall not have any ' costs ' on an appeal is also to the effect that they *are not entitled to be reimbursed for the sums paid to their attorneys on the appeal.* In the face of such a judgment of the appellate court, an order of the surrogate authorizing the trustees to retain from the balance adjudged against them a sum sufficient to pay their attorney's fees upon such appeal is not only without jurisdiction, but is in direct conflict with the judgment of the appellate court, and for that reason should not be allowed to stand."

. Counsel for the claimants also makes a point of the fact that an appeal was taken first by the beneficiary and afterwards by the trustee. The fact remains that both parties appealed. There was nothing to prevent the trustee from obeying the order of the surrogate and accounting to the beneficiary for the sum required.

The record does not show that even a tender of the money on the accounting was made and it, therefore, would seem that it is too late at this time to raise that question as a reason why the beneficiary should be asked to pay the costs of the trustee in resisting her claim.

The trustee's representative makes the further claim at this time that he was successful before the surrogate in resisting a part of the claim made against the trustee in the compulsory accounting proceeding. It is true that the beneficiary also demanded that his circumstances were, and had since the death of his mother been, such to the knowledge of the trustee that the trustee should have advanced him certain sums out of the principal from time to time as he was authorized to do by the will. In this respect the trustee was defending himself personally for the reason that he took the trust fund on the death of the beneficiary and it was to his personal interest to keep it all, if possible.

If the claim of the claimants were to be allowed at all, the contest being over the illegal transfer of the principal of the trust, the expenses thereof should be charged against the principal and not against the income. The claimants should, therefore, prosecute their claim against Mrs. Wright, who received the trust estate and who they claim agreed to execute the trust and be responsible therefor. A decree may be prepared disallowing claimants' claim and settling the account rendered by the executor of the trustee charging him with $1,875.30 and interest thereon from the 30th day of June, 1919, as directed by the order of the surrogate, heretofore entered herein, subject, however, to the payment of the trustee's commissions, but without costs to either party.

Decreed accordingly.