In the Matter of the Estate of JOHN JARMAKOWSKI, Deceased.

Surrogate's Court, Erie County, December 7, 1938.

*Harold B. Ehrlich* [*Lester Miller* of counsel], for the petitioner.
*Frank S. Burzynski*, for the respondent.

HART, S. This is a discovery proceeding. No answer was filed but this does not prevent the court from passing on the title to the account in the Manufacturers and Traders Trust Company. (*Matter of Akin,* 248 N. Y. 202.)

John Jarmakowski died intestate on March 13, 1937, leaving him surviving his wife and four children. During the hearing in this proceeding it was discovered that there was and is an account in the name of John Jarmakowski or Agnes Jarmakowski, the latter being decedent's sister. This account was opened October 6, 1930, in the Manufacturers and Traders Trust Company, as a thrift account. The initial deposit was $2,900. There were, from time to time, various deposits and withdrawals, all of which were made by the decedent, and at the time of the death of the deceased the sum on deposit was $3,453.53.

The back of the signature card signed by the testator and his sister contains the following:

" We the undersigned, have this day jointly arranged an account with the MANUFACTURERS AND TRADERS TRUST COMPANY which said account No. 7927 stands upon the books of the Trust Company and upon the pass book issued by said Trust Company to us in the following manner:

" John Jarmakowski or Agnes Jarmakowski

" We hereby notify the said Trust Company that it is at liberty and we hereby desire it, to accept on deposit to the credit of this account, checks made payable to either of us when endorsed in the name of the payee by either, also to honor checks signed by either of us against the said account, and in the event of the death of either of us that the survivor shall have the right to check against or draw out or transfer said account as fully as if said survivor had alone originally opened such account in his or her own name; the intention hereof being to create an agency coupled with an interest as to such survivor in and to any moneys that may remain on deposit in said Trust Company at the time of the death of either of us.

" This agreement shall bind the heirs, executors, administrators or assigns of each of us.

" IN WITNESS WHEREOF, we have hereunto set our hands and fixed our seals this 6th day of Oct., 1930.

JOHN JARMAKOWSKI [L. S.]

" Witness             AGNES JARMAKOWSKI [L. S.]

M. K. POGORZULA

[L. S.] "

Section 198 of the Banking Law █ as it existed at the time of the death of the decedent would apply if it were not for the fact that the words " or the survivor of either " do not appear on the back of the signature card. The courts have definitely established that, in the case of joint accounts, the decisive fact of the transfer of title was the intent of the depositor; that such intent was not to be determined from the form of the deposit alone but there still remains a question of fact to be decided in each case from all the evidence. (*Havens* v. *Havens*, 126 Misc. 155; affd., 215 App. Div. 756; *Matter of Bolin*, 136 N. Y. 177; *Kelly* v. *Home Savings Bank*, 124 App. Div. 917.)

The statute not supporting the respondent in any manner (*Matter of Fenelon*, 262 N. Y. 308), does the respondent acquire title on the theory of a gift? The burden of establishing this rests upon the respondent. (*Matter of Hauber*, 136 Misc. 798.) The three elements entering in are

(1) An intent to make an immediate gift;

(2) An actual or symbolic delivery;

(3) Acceptance of the gift.

The intention of the decedent as to the right of the survivor to take as a gift has not been clearly established, nor is the testimony of the respondent sufficient even granting the statements are true that he owed her for washing, ironing and cleaning, and could have given her the money as a gift because of her faithful service. If it was his intent that the money was hers, or was to be hers, as she testified, why was the money deposited in the manner it was? The form of the deposit negatives her contention. There was no actual or symbolic delivery of the bank book nor any evidence of acceptance on her part of the account as a gift. She testified she never took any of the money out of the bank and there is no testimony that she ever had possession of the bank book.

Does the respondent acquire title on the theory of an agency coupled with an interest? From the signature on the signature card it is evident that the bank was seeking to protect itself by trying to establish such a status, and make it clear that this was more than a mere agency, and to comply with the sections of the Banking Law. The words, " the intention hereof being to create an agency coupled with an interest," do not mean that it is an agency coupled with an interest. There must be more than mere words to establish this.

It is well settled that to create such an agency or power of attorney, that is, one which will survive the death of the principal or grantor of the power, the agency or power must be coupled with an interest. It must be coupled with a *vested* interest in the subject-matter. (*Matter of Tabbagh,* 167 Misc. 156; *Hoffman* v. *Union Dime Savings Institution,* 109 App. Div. 24; *Terwilliger* v. *Ontario, C. & S. R. R. Co.,* 149 N. Y. 86; *Matter of Weber,* 163 Misc. 81.) The agency or power must be given on consideration. (*Hoffman* v. *Union Dime Savings Institution, supra.*) There is no vested interest and the testimony as to consideration is weak.

My attention has been called to the recent cases since the changes in the law by chapter 229 of the Laws of 1929, in effect September 1, 1930, which granted greater protection to a spouse from the purpose of the deceased spouse in seeking to deprive him or her of the statutory rights to an intestate share. In view of the conclusion I have come to in the preceding paragraphs it is unnecessary to discuss this phase of the case, except to say that by the amendment of 1929 and by its purpose I am constrained to believe that stronger proof than ever should be required in matters of this nature when the rights of a spouse are at stake.

I, therefore, find that the deposit in the Manufacturers and Traders Trust Company was made for the convenience of the deceased and is the property of the estate.

Submit decree.