Artists Rights Enforcement Corp. v Robinson (2021 NY Slip Op 01838)





Artists Rights Enforcement Corp. v Robinson


2021 NY Slip Op 01838


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 652582/12, 590371/13 Appeal No. 13441 Case No. 2020-02602 

[*1]Artists Rights Enforcement Corp., Plaintiff-Respondent,
v
Joseph Robinson, Jr., et al., Defendants-Appellants. [And a Third-Party Action.]


Anthony Motta, New York and Taylor English Duma LLP, Atlanta, GA (Gerald B. Kline of the bar of the State of Georgia, admitted pro hac vice, of counsel), for appellants.
Akerman LLP, New York (Steven M. Cordero of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered May 8, 2020, which, inter alia, granted plaintiff's motion for partial summary judgment declaring that defendants breached the parties' 2007 settlement agreement and that plaintiff was entitled to a 20 percent bonus and reasonable attorneys' fees pursuant to that agreement, unanimously affirmed, with costs.
Although plaintiff's agreement with musical artists Glover and Morris was not irrevocable as an agency coupled with an interest because consideration alone is not sufficient to establish an agency coupled with interest (see Matter of Jarmakowski, 169 Misc 463, 465-466 [Sur Ct, Erie County 1938]), plaintiff was nevertheless properly awarded summary judgment on its breach of contract claim. Whether Glover and Morris had revoked the agency agreement with plaintiff, it was not a proper defense in this action for the breach of the 2007 settlement agreement between plaintiff and defendants, which defendants breached by failing to make payments after 2010.
Contrary to defendants' argument, the motion court did not err in awarding a 20% bonus to plaintiff. Defendants failed to establish that the amount of potential actual damages was readily ascertainable at the time the agreement was executed or that the fixed damages amount is grossly disproportionate to foreseeable losses (see Bates Adv. USA, Inc. v 498 Seventh, LLC, 7 NY3d 115, 120 [2006]).
Furthermore, the award of the reasonable attorneys' fees to plaintiff as the prevailing party pursuant to the parties' agreement was appropriate (see Matter of Wiederhorn v Merkin, 98 AD3d 859, 863 [1st Dept 2012], lv denied 20 NY3d 855 [2012]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021