tained on this ground, because, as already observed, it is apparent that the award to the defendant was on account of the counterclaim arising out of the Brodt contract, and not at all by way of damages for the omission to furnish the regulator. Indeed, if this were not as plain as it is, we should be bound to presume that such was the fact, as the party who prevails in a justice's court is entitled to have the judgment so construed on appeal as to sustain it if possible. Burnham v. Butler, 31 N. Y. 480.

The judgment of reversal in the county court was rendered on January 13, 1900. At that time a county court, under section 3063 of the Code of Civil Procedure, was not authorized to reverse a justice's judgment on the ground that such judgment was contrary to, or against the weight of, evidence. City of Brooklyn v. Railroad Co., 11 App. Div. 168, 42 N. Y. Supp. 371. That power has now been conferred upon the county court by an amendment to the section cited, which took effect on September 1, 1900 (Laws 1900, c. 553). If the amendment had been in force at the time when the appeal in this case was heard by the county court, it may be that a reversal would have been justified on the ground that the weight of evidence tended strongly to establish a substantial performance of the contract on the part of the plaintiff, so that the omission to furnish the regulator should not have been deemed fatal to a recovery of some amount in addition to that which had already been paid on account of the contract. Inasmuch, however, as the county court could not then interfere with the justice's determination as to the facts, if there was any evidence to support it, and inasmuch as that judgment does not necessarily involve the error of law assumed in the opinion of the learned county judge, it follows that the decision of the justice's court must be allowed to stand.

Judgment of the county court of Westchester county reversed, and judgment of the justice's court of the city of Mt. Vernon affirmed, with costs. All concur.

(55 App. Div. 147.)

## In re McECHRON et al.

### Appeal of HOWARD.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

1. TRUSTEES—ACCOUNTING—APPEAL—COSTS—ATTORNEY'S FEES—ALLOWANCE.
    Trustees of an estate appealed from a decree of the surrogate court settling their accounts, which decree was affirmed, whereupon they presented a so-called supplementary report to the surrogate court, in which they charged themselves with the amount found to be due from them by such decree, and credited themselves with the amount paid attorneys for services and expenses on the appeal, which final account was confirmed. *Held*, that the surrogate court was without authority to lessen the original decree by the amount of the attorney's fees.

2. SAME—EXPENDITURES.
    Where the surrogate court rendered a final judgment on the accounts of the trustees of an estate and all expenditures made to date, he was without authority to subsequently allow expenditures made by such trustees on appeal from such judgment, since the appellate court has entire jurisdiction after a proceeding has left the lower court.

Appeal from surrogate's court, Warren county.

In the matter of the final settlement of William McEchron and another, surviving trustees of Clarissa Ordway under the last will and testament of James Ordway, deceased, H. A. Howard, as executor of the estate of Clarissa Ordway, deceased, filed objections, and from a decree allowing certain costs appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

C. H. Sturges, for appellant.

Ashley & Williams, for respondents.

PARKER, P. J. On January 3, 1900, these respondents obtained a final judicial settlement of their accounts before the surrogate, and he made a decree wherein he credited to them certain sums, to which this appellant then objected, and also disallowed them certain commissions which such respondents then claimed they were entitled to. Both parties appealed to this court. This court affirmed the decree as entered by the surrogate, but without costs to either party. During the pendency of that appeal the balance of the fund found by the decree to be held by the trustees for distribution under the terms of the trust remained in the hands of these respondents. After the entry of the order of this court affirming such decree, the trustees presented to the surrogate a supplementary report, so called, in which they charged themselves with $2,263.26, the balance found by such decree to be due from them after paying the expense of that accounting, and also with some $26.02 as interest accrued thereon. They credited themselves with $299.05, being the amount paid their attorneys for services and expenses upon the appeal aforesaid, leaving a balance of $1,990.23 to be distributed as required by the trust. The surrogate made a decree allowing and settling such final account, and directing that the balance of $1,990.23 only be paid over by them in execution of the trust. From the decree so made this appeal is taken.

The decree of January 3, 1900, was a final judicial settlement of these respondents' accounts, and payment of the balance therein decreed against them could have been enforced by execution (Code Civ. Proc. § 2554); and upon the payment by them of the amount so decreed the trustees were discharged from the obligations of their trust. That decree was in all particulars affirmed by this court, and it is difficult to see upon what theory the surrogate could thereafter assume to correct or modify it. It is manifest that the decree now appealed from is nothing more than a modification of that decree. It is true that an additional account has been filed, and this decree purports to deal with that alone. But such so-called account is in reality no account. If new assets had been discovered and come to the hands of the trustees after the making of that decree, probably the surrogate would have had jurisdiction, upon their application, to have made a decree properly distributing such new fund; but in this new account the only charge against the trustees is the decree of January 3, 1900. Against the balance finally fixed

by that decree and by the judgment of this court a new credit is given to the trustees by the decree in question, and that is all there is of the so-called supplemental account. The sum which this court has adjudged to be properly chargeable against these trustees has been lessened by a decree of the surrogate to the extent of $299.05. Such a decree he was without authority to make. Reed v. Reed, 52 N. Y. 651; Hone v. De Peyster, 106 N. Y. 645–649, 13 N. E. 778; Sheridan v. Andrews, 80 N. Y. 648. It is urged that, the trustees having actually disbursed this amount as a necessary expense incurred in sustaining the decree on appeal, they have the right to be indemnified for it out of the trust fund, and therefore have the right to apply to the surrogate for leave to charge it up against the balance which this court has fixed against them. But whence does the surrogate acquire jurisdiction to entertain such an application? Upon a final settlement of a trustees' accounts the surrogate is given authority to allow certain costs and reasonable expenses incurred. Code, §§ 2561, 2730. So, after an appeal has been taken from his decree, the appellate court may direct that the costs of the appeal shall abide the result of further proceedings to be had before him, and, except so far as that court has made specific directions concerning them, upon the rehearing the surrogate has jurisdiction and discretion as to costs. Id. § 2558. But where, upon appeal from his final decree, the appellate court in all respects affirms it, costs are awarded by the appellate court only (Id. § 2589), and thereafter I cannot find that the surrogate is given any authority over the matter. It is claimed that this is not a question of costs, but of expenditures necessarily incurred; but I cannot discover that he has any jurisdiction to take cognizance of, or make further order concerning, any expenditures made by the trustees in the matter of such appeal. He has rendered his final judgment upon their accounts and upon all expenditures made up to that date. These further expenditures claimed were made after the matter had left his court, and in a proceeding over which the appellate court has the entire jurisdiction, and I find no authority given him to entertain any motion concerning them. But, more than this, in the case before us this court expressly held that the trustees should not have any "costs" of this appeal. "Costs" include certain sums allowed by the Code to a party for the purpose of reimbursing him for amounts paid to his attorney, and also certain disbursements specified in section 3256 of the Code; and a judgment to the effect that trustees shall not have any "costs" on an appeal is also to the effect that they are not entitled to be reimbursed for the sums paid to their attorneys on the appeal. In the face of such a judgment of the appellate court, an order of the surrogate authorizing the trustees to retain from the balance adjudged against them a sum sufficient to pay their attorneys' fees upon such appeal is not only without jurisdiction, but it is in direct conflict with the judgment of the appellate court, and for that reason should not be allowed to stand.

The decree appealed from is reversed, with costs. All concur; SMITH and KELLOGG, JJ., on ground last stated.