In the Matter of the Judicial Settlement of the Accounts of BOYD McDOWELL and Others, as Executors, etc., of ROBERT M. McDOWELL, Deceased.

In the Matter of the Judicial Settlement of the Accounts of BOYD McDOWELL and Others, as Testamentary Trustees under the Last Will and · Testament of ROBERT M. McDOWELL, Deceased.

BOYD McDOWELL and Others, as Executors and Trustees, Appellants; JOHN G. McDOWELL and CLARA B. McDOWELL, Respondents.

Third Department, November 13, 1918.

Executors and administrators — when duties of executors and trustees are co-existent — appeal — when transfer of securities by executors to themselves as trustees does not constitute a change of title — liability of trustees for purchase price of defaulted securities — set off of commissions due against indebtedness to estate.

Where the duties of executors and trustees co-exist and they have kept but one bank account and one set of books, separate appeals by them from a decree settling their accounts is a mere fiction.

Where funds were in the hands of three individuals as trustees and executors subject to proper demands existing whether incurred by the executors or trustees, a decree of the Surrogate's Court, treating a transfer of funds from such persons as executors to the same persons as trustees as a change of title, disqualifying the executors from paying accounts legally existing against the estate, is erroneous.

A decree of the surrogate charging against the trustees the purchase price of a large amount of defaulted securities with interest should be affirmed as to one of said trustees who was the confidential adviser and attorney of the testator, but a retrial should be had of the question as to the liability of the other two trustees on account of the defaulted securities.

Where trustees and executors upon an accounting are found to be indebted to the estate, commissions due them may be offset against an indebtedness.

SEPARATE APPEALS by Boyd McDowell and others, as executors, and individually and as testamentary trustees, from a decree of the Surrogate's Court of the county of Chemung, entered in the office of said Surrogate's Court on the 25th day of February, 1918, settling the accounts herein,

with notice of an intention to bring up for review the decision of the surrogate in the proceeding.

*Baldwin & Allison* [*Thomas M. Losie* of counsel], for the appellants.

*John F. Murtaugh,* for the respondents.

JOHN M. KELLOGG, P. J.:

The decree settles the accounts of the executors and trustees. The executors, however, have appealed from the decree, and the trustees have brought a separate appeal. The case was before us in 178 Appellate Division, 243, where we concluded, among other things, that the duties of the executors and trustees coexisted, and sent the account back for settlement on that theory. It appeared then, and appears now, that but one bank account was kept and but one set of books. For some reason there has been a persistent attempt, on this accounting, to separate the accounts of the trustees and executors, thus causing much confusion. The trustees and executors are the same persons, and all parties interested in the estate are before the court. There is but one decree, and the only persons interested in the accounts are the life tenants and remaindermen, and the two appeals are a fiction. As matter of fact the appellants, as executors and trustees, appeal from the decree. There is but one appeal.

The accounts settled by the decree embrace an item of $8,500, which it is said the trustees received from the executors on the 4th day of July, 1909, the day of the testator's death, and returned back to the executors in April, 1916, and the surrogate has determined that the title to the fund vested in the trustees and there was no power to turn it back, and, therefore, there was a deficiency of assets to meet the accounts against the executors for expenses, counsel fees and disbursements. He does not disallow those items but determines that there are not enough funds with the executors to pay them and, therefore, they must go unpaid. The matter of the $8,500 is not a bookkeeping error, for, as I understand, it does not appear upon the books. It is an error in the accounting, resulting from the attempt to separate the accounts of the executors and trustees, for the purpose of accounting only, when as a matter

of fact no attempt had been made to separate the accounts or funds before that time. The funds were in the hands of the three individuals as trustees and executors, subject to proper demands existing, whether incurred by the executors or trustees, and the surrogate's decree is erroneous in treating this fictitious account as a change of title disqualifying the executors from paying accounts legally existing against the estate. The accounts were incurred in settling the accounts of the executors and trustees, and should be ascertained and allowed so far as proper and met from the principal or income of the estate as justice requires.

The decree charges against the trustees the purchase price of a large amount of defaulted securities, with interest thereon at four and one-half per cent. So far as the appellant Boyd McDowell is concerned, the decree in that respect is right. The surrogate finds that such investments were made by him; that in none of the investments did either of the other trustees take the initiative; that in the purchase of the Rochester, Syracuse and Eastern bonds alone did trustees Decker and Langdon take part; that in most of the cases the securities purchased were in fact received by McDowell in a trade for other securities belonging to the estate, so that no checks were drawn for the purchase price, the funds of the estate being in the bank subject to the check of McDowell and one of his associates. Boyd McDowell was the confidential adviser and the attorney of the testator.

We are not clear whether, upon the findings, a liability is established against the cotrustees. As far as they are concerned, to an extent the trial was a mistrial. The attorney for the respondents insists that they were not consulted with reference to these securities. The attorney for the appellants contends that the purchases were made in each case with their knowledge and consent. It is plain that the interests of McDowell and the other two trustees are not in harmony. It is for his interest to show that they knew of and consented to his acts. The decree leaves us in the dark upon the question. In the interest of justice a retrial of the question as to the liability of Decker and Langdon on account of the defaulted securities should be had, so that the facts may be fully shown and the court may have the benefit of the argument and labor

of counsel in determining whether the facts shown establish a liability against them.

The appellants have been allowed certain sums as commissions, earned as executors and not as trustees, and no appeal has been taken from such allowance. It may, therefore, stand. The decree provides that other commissions due the accountants should be computed after they have made good to the estate the amount of the defaulted securities. We see no good reason why, if an accountant is indebted to the estate, the commissions due him should not be offset against the indebtedness. It seems unnecessary that he should pay the full amount in cash and thereafter have his commissions computed. The surrogate, therefore, should ascertain the remaining commissions earned by each of the accountants and direct that they be offset against any amount found due from him; if no amount is found due they should be paid in the regular course.

The decree, so far as it fixes any liability against Decker and Langdon on account of the defaulted securities and the interest on the purchase price thereof, and so far as it relates to the $8,500 mentioned, is reversed on the law and the facts, and the matter remitted to the Surrogate's Court to inquire and pass upon those questions, and also to pass upon the alleged disbursements mentioned in Exhibit "A," attached to the decree, and to restate the account so far as may be necessary to conform to this decision and its determination in the matters remitted. The decree should be modified so that any further sum found due to either of the accountants for commissions shall be credited on any sum found due from him to the estate on account of the defaulted securities, or otherwise. In all other respects said decree is affirmed, with one bill of costs and disbursements to the appellants, payable from the estate.

All concurred.

The decree, so far as it fixes any liability against Decker and Langdon on account of the defaulted securities and the interest on the purchase price thereof, and so far as it relates to the $8,500 mentioned, is reversed on the law and the facts, and the matter remitted to the Surrogate's Court to

inquire and pass upon those questions, and also to pass upon the alleged disbursements mentioned in Exhibit " A," attached to the decree, and to restate the account so far as may be necessary to conform to this decision and its determination in the matters remitted.   The decree should be modified so that any further sum found due to either of the accountants for commissions shall be credited on any sum found due from him to the estate on account of the defaulted securities, or otherwise.   In all other respects said decree is affirmed, with one bill of costs and disbursements to the appellants, payable from the estate.   The court disapproves of the finding that Decker and Langdon were guilty of negligence and holds that facts establishing their liability are not satisfactorily shown, and that there has been a mistrial on that subject, and that the interests of justice require that question to be retried.   The court also disapproves of the finding that the $8,500 was turned over by the executors to the trustees.