Matter of the Estate of LOUISA VARET, Deceased.

(Surrogate's Court, New York County, December, 1918.)

Accounting — when there cannot be a supplemental account filed — executors and administrators — appeal — when surrogate is without power to make allowance of counsel fees.

There cannot be a supplemental account based upon the balance remaining in the hands of executors as shown by a former accounting so long as there is a non-compliance with the decree entered therein.

Where an order of the Court of Appeals affirming a decree settling the accounts of executors was duly made the order of the Surrogate's Court, and the executors, instead of distributing the estate in accordance with said decree, file a supplemental account in which they charged themselves with the balance remaining in their hands at the date of the former accounting, the surrogate is without power to make an allowance to them of counsel fees upon the appeal to the Appellate Division and the Court of Appeals.

**444**          MATTER OF VARET.

APPLICATION by certain legatees to dismiss a proceeding brought by executors to settle their accounts.

Edwin C. Mulligan, for accounting parties.

Carroll Berry, for respondents.

FOWLER, S. This is an application by certain legatees to dismiss a proceeding brought by the executors to settle their account. The account of the executors was judicially settled by a decree of this court entered on the 25th of January, 1917. The decree directed payment of the balance then in the hands of the executors. On appeal to the Appellate Division the decree of this court was affirmed, and subsequently the order of the Appellate Division was affirmed by the Court of Appeals. The order of the Court of Appeals was duly made the order of this court. The executors have not distributed the balance of the estate in accordance with the decree of this court, which was affirmed by the Court of Appeals, but have filed another account in which they charge themselves with the balance remaining in their hands at the date of the former accounting, together with interest from that date, and credit themselves with payments to counsel upon the appeal to the Appellate Division and the Court of Appeals amounting to about $1,700.

The executors have not received any additional assets, and therefore there is no occasion for a supplemental account, and there cannot be a supplemental accounting based upon the balance remaining in the hands of the executors, as shown by the former accounting, so long as the decree entered on that accounting has not been complied with.

As it was the duty of the executors to sustain the decree entered in this court upon their account, they

were justified in employing counsel to appear for them in the Appellate Division and the Court of Appeals, and it would seem therefore that they should be reimbursed out of the estate for the fees paid counsel and the disbursements incident to the appeals.   The power of the court, however, to make such an allowance in a decree upon a supplemental account was expressly denied in *Matter of McEchron,* 55 App. Div. 147, and no decision has been brought to my attention in which that case has been reversed or distinguished.   I should be inclined to think that the remedy of the executors would be an application to modify the decree of January 25, 1917, so as to provide for their reimbursement for counsel fees and disbursements on the appeals, were it not that a majority of the court in *Matter of McEchron, supra,* said: " These further expenditures claimed were made after the matter has left his court, and in a proceeding over which the appellate court has the entire jurisdiction, and I find no authority given him to entertain any motion concerning them."   As I am bound by that decision, I know of no relief which this court can grant to executors who employ counsel to sustain a decree on accounting from which legatees appeal.

The application to dismiss the accounting proceeding is therefore granted.

Application granted.