Matter of the Estate of LOUISA VARET, Deceased.

(Surrogate's Court, New York County, February, 1919.)

Executors and administrators — accounting — disbursements in successful defense of appeals from decree upon final accounting — order to show cause why account of proceedings should not be amended to cover such disbursements.

Where upon a reference to hear and determine all questions arising upon the settlement of the accounts of an executor, the report of the referee in his favor is confirmed and a decree entered directing distribution, and an order of the Appellate Division affirming said decree with costs is affirmed by the Court of Appeals with costs and the judgment of the court of last resort is made the judgment of the Surrogate's Court, an order to show cause why the accounting proceeding should not be amended so as to present to the court the items of dis-

bursements for attorney's charges and counsel fees in defending the decree in both of the appellate courts and also for personal property taxes will be granted.

APPLICATION for an order to show cause.

Edwin C. Mulligan, for accounting executor.

Carroll Berry, for respondents.

COHALAN, S.    The legatee appellants herein having filed objections to the account of the respondent, this court appointed a referee to hear and determine all questions arising upon the settlement thereof. The appellants filed exceptions to said referee's report, which, however, was confirmed by this court, and a decree was entered on January 25, 1917, directing that the balance of the estate found remaining in his hands be distributed to the appellant legatees after the deduction of commissions and costs. An appeal from said decree was taken by the legatees to the Appellate Division, wherein said decree was affirmed with costs to the respondent, to be paid by the appellants personally. The appellants thereafter appealed to the Court of Appeals, wherein the decree was again affirmed with costs against the appellants, and an order has been entered in this court making the judgment of the Court of Appeals the judgment of this court.

The matter now comes before this court on an order obtained by the executor requiring the appellants to show cause why the accounting proceeding should not be amended so as to present to this court the additional items of receipts and disbursements of the executor, since the date of the last accounting, so as to have the same passed upon and allowed by this court, and whether the said decree of January 25, 1917, should not be modified by charging the account-

ing party with the receipts had and by crediting him with the disbursements made since November 9, 1915. The only receipts of the executor since the last accounting were. interest on the funds in his hands, and the disbursements for which credit is sought are the expenses of the executor in defending the aforesaid decree from the attacks of the appellants, both in the Appellate Division and in the Court of Appeals in the way of attorney's charges and counsel fees and personal property taxes paid for the years 1917 and 1918.

The respondents cite in opposition to this application *Matter of McEchron,* 55 App. Div. 147. The facts in that case are similar to those in the present application, except that in that case both the contestants and the accounting parties appealed to the Appellate Division, and the court affirmed the decree of the surrogate, *but without costs to either party,* and in this case disbursements for personal taxes have been made. After the entry of the order by the Surrogate's Court of Warren county, affirming said decree, the trustees presented to the surrogate a supplemental report, so called, in which they charged themselves with the balance of the fund by the decree entered, and also with interest accrued thereon, and they credited themselves with the amount paid their attorneys for services and expenses upon the aforesaid appeal. The surrogate of Warren county made a decree allowing and settling such final account and directing the balance in the hands of the accountant, after .deducting said expenses of appeal, to be paid over. The Appellate Division held the surrogate had no authority to allow the accountant to retain from the amount adjudged by the decree to be in his hands the sum paid by him for expenses on the appeal. The accountant in this case claimed that we are not here

covered by that decision, for the reason that in that case no costs were awarded by the Appellate Division, whereas in this case costs were awarded to the accountant in both appellate courts, and he cites from the opinion in *Matter of McEchron, supra,* the following language as in support of his said contention: "But more than this, in the case before us this court expressly held that the trustees should not have any ' costs ' of this appeal. ' Costs ' include certain sums allowed by the Code to a party for the purpose of reimbursing him for amounts paid to his attorney, and also certain disbursements specified in section 3256 of the Code, and a judgment to the effect that trustees shall not have any ' costs ' on an appeal is also to the effect that they are not entitled to be reimbursed for the sums paid to their attorneys on the appeal. In the face of such a judgment of the appellate court, an order of the surrogate authorizing the trustees to retain from the balance adjudged against them a sum sufficient to pay their attorney's fees upon such appeal, is not only without jurisdiction, but it is in direct conflict with the judgment of the appellate court, and for that reason should not be allowed to stand."

Five judges sitting in the appellate court concurred, two of them, however, on the ground stated in the opinion just quoted.

I think, under all the circumstances herein, the accountant is entitled to have his claim for expenses of the appeals and his disbursements for taxes passed upon. A respondent executor who has successfully defended his acts before a referee, this court, and two appellate courts, must have some remedy against having to bear personally the expenses of such defense.

Application granted.