In the Matter of the Judicial Settlement of the Accounts of BOYD MC-DOWELL and Others, as Testamentary Trustees under the Last Will and Testament of ROBERT M. MCDOWELL, Deceased.
BOYD MCDOWELL and Others, as Testamentary Trustees, etc., Appellants, Respondents; JOHN G. MCDOWELL and CLARA B. MCDOWELL, Appellants and Respondents.

*Trusts — testamentary trusts — trustees — commissions.*

Cross-appeals from a decree of the Surrogate's Court of Chemung county, entered February 14, 1920.

PER CURIAM: The language of the will indicates that commissions on income are to be deducted therefrom considered as a single fund before any distribution thereof. The effect of this is to give to each trustee thirty-eight dollars and thirty-one cents commissions on the Boyd income and three dollars and eighty-three cents commissions on the cemetery income to be deducted from the amount to be paid John G. and Clara B. McDowell and to increase the amount to be paid the cemetery fund by nineteen dollars and fifteen cents, erroneously deducted therefrom as commissions thereon. The decree should be modified accordingly, and as so modified affirmed, without costs. All concur, except Kiley, J., dissenting, with a memorandum.

KILEY, J. (dissenting): The surrogate in making the decision upon which the decree appealed from here is based, uses the following language: " The sole question before the court is, Is the language of the will broad enough to warrant the holding that the testator intended to give the trustees authority to

invest the $62,970 of funds of the estate in new, untried ventures." Mr. Justice Cochrane holds that that question was not sent back for a hearing upon the appeal (opinion reported in 184 App. Div. 646); that the inquiry was limited. Such limitation, if it exists, is to be found in the last clause of the opinion. (184 App. Div. 649.) A similar clause giving authority to trustees of a will to invest trust funds was considered in *Matter of Hall* (164 N. Y. 196). It impresses me that some of the investments in question might not come under the definition or correct interpretation of " New and untried ventures," nor by reason of conditions existing be considered " speculative and hazardous." Also it would appear that one of the remaindermen consented to or knew of some of these investments. It is a question when all of the evidence was before the surrogate, and the decree appealed from here based upon it, should it not be considered upon this appeal? I dissent. Decree modified in accordance with opinion, and as so modified affirmed, without costs.