In the Matter of the Judicial Settlement of the Second Intermediate Account of CASPER G. DECKER and Others, as Testamentary Trustees under the Last Will and Testament of ROBERT M. McDOWELL, Deceased.

CASPER G. DECKER and Others, Appellants; JOHN G. McDOWELL and CLARA B. McDOWELL, Respondents.

Third Department, July 6, 1922.

**Trusts — accounting — attorney's fees and disbursements not allowed for prior litigation in which court refused to allow costs and wherein trustees' account was surcharged for improper investments — costs on appeal awarded against trustees personally.**

On an accounting by trustees under a testamentary trust, attorney's fees and disbursements incurred in a prior litigation wherein the trustees' account was surcharged with an amount improperly invested and in which proceeding the Court of Appeals refused to allow costs, should not be allowed, for attorney's fees will not be allowed in a litigation where the court has refused costs, and furthermore, the attorney's fees and disbursements were incurred in an unsuccessful attempt by the trustees to be relieved from liability for improper investments and were of no benefit to the estate.

The costs on this appeal should be awarded against the trustees personally.

KILEY, J., dissents in part.

APPEAL by Casper G. Decker and others, individually and as testamentary trustees under the last will and testament of Robert M. McDowell, deceased, from a decree of the Surrogate's Court of the county of Chemung, entered in the office of said surrogate on the 26th day of September, 1921, with notice of intention to bring up for review a decision of said Surrogate's Court entered in the office of said surrogate on the 11th day of August, 1921.

*Robert P. McDowell* [*Thomas M. Losie* of counsel], for the appellants.

*Alexander S. Diven*, for the respondents.

VAN KIRK, J.:

This proceeding was begun for an accounting by the trustees under the will of Robert M. McDowell. The account was filed May 2, 1921. The account covers the income and the disbursements of the trustees from January 1, 1918, to December 31, 1920. Part of the income is interest on $47,530.01 charged against the trustees, being a part of the amount with which the accounts of the trustees had been surcharged upon a former accounting, and which amount was from time to time reduced as funds were restored to the estate by the trustees. On December 31, 1920, the amount unrestored was $26,253.47. Objections were filed by John G.

McDowell and Clara B. McDowell to items for services and expenses of the attorneys, amounting to $8,767.60.

There had been long litigation between these contestants and the trustees upon a former accounting. The history of this litigation appears in *Matter of McDowell* (97 Misc. Rep. 306; 178 App. Div. 243; 102 Misc. Rep. 275; 184 App. Div. 646; 193 id. 914; 230 N. Y. 601). This long litigation, which began in 1916 and was finally decided in the Court of Appeals February 1, 1921, was due chiefly to charges that the executors and trustees had illegally invested funds of the estate. These funds were reinvested in securities on which there were defaults in the payment of interest or dividends, and their account had been surcharged in the sum of $62,970 on that account. This amount was reduced in the Court of Appeals by the sum of $13,445. In the first appeal to the Appellate Division no costs were allowed. On the second appeal to the Appellate Division one bill of costs and disbursements was allowed to the executors and trustees, appellants. In the Court of Appeals no costs were allowed. After the decision of the second appeal to the Appellate Division, and on the 14th day of February, 1920, the surrogate entered a decree in which he allowed to the executors for attorneys' fees the sum of $4,720, in addition to a considerable amount for disbursements; and on the same day a decree was entered settling the trustees' accounts, in which there was an allowance to the attorneys of $1,070, together with $1,400 for expenses of accounting and traveling expenses. At this time there was before the court the two large items in question upon this appeal, the $4,000 and the $3,000 items for attorneys' services; and, after due consideration, the surrogate concluded to allow the same to the aforesaid amount, $1,070. In the decree from which this appeal is taken the surrogate decided, " *First*, that, in so far as the $3,000 and $4,000 items are concerned, those services have already been allowed for; and *second*, that none of the services, charged for, were rendered in the interest and for the benefit of the trust estate." In this conclusion we agree with the surrogate. The balance of the items consists of $1,658.51 for counsel fees and $109.09 disbursements. These counsel fees and disbursements are for services and disbursements upon the appeals in the former proceedings and the surrogate has disallowed the items because in the Appellate Division and in the Court of Appeals no costs were allowed, because none of the items are for services on this accounting in the Surrogate's Court and because reasonable fees for those services have already been allowed. In this conclusion we think the surrogate was justified. (*Matter of McEchron*, 55 App. Div. 150.) The services of counsel for which these fees are

charged were rendered in an effort upon the part of the executors and trustees to be relieved of liability for the sum with which their accounts had been surcharged, and were not rendered for the benefit of the estate and counsel have already received fair compensation for all services rendered by them. The effort to distinguish between services rendered to the executors and those rendered to the same persons as trustees, covering one period of time, during which they were acting for the estate both as executors and trustees, cannot be recognized. The cost of litigation in this estate, much of which was not for the benefit of the estate, has already been large. None of the items contested on this appeal were for services rendered in in the accounting in the immediate proceeding.

The decree of the surrogate should be affirmed, with costs to the respondents payable by the trustees personally.

All concur, except Kiley, J., who dissents to the award of costs against the trustees personally.

Decree of the surrogate affirmed, with costs to the respondents against the trustees personally.